**Geraldine LUST, Appellant,**

v.

**Celia C. LUST et al., Appellees.**

**No. 14533.**

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 5, 1958.

Decided Dec. 4, 1958.

Petition for Rehearing Denied
Jan. 9, 1959.

Mr. Michael A. Schuchat, Washington, D. C., with whom Mr. Irwin Geiger, Washington, D. C., was on the brief, for appellant.

Mr. Alfred M. Schwartz, Washington, D. C., for appellees.

Before PRETTYMAN, Chief Judge, and BAZELON and FAHY, Circuit Judges.

PER CURIAM.

Appellant brought this suit to require the Trustees of her father's testamentary trust to invade its corpus to provide needed medical and psychiatric care for which she was unable to pay. The trust, in which she was *not* named as a beneficiary, provided, *inter alia,* in Article Fourteenth:

"In addition to the income from the corpus of any trust directed to be established hereunder, distributable to any beneficiary, I hereby authorize and empower the Trustees of any such trust, in their discretion, to pay over to or apply for the benefit of any such beneficiary, including the Guardian of any beneficiary who is at such time a minor, at any time and from time to time, such portion of the corpus of such trust and of any accumulated income thereon, notwithstanding any specific provision to the contrary, such discretion to be exercised under the following circumstances, or under circumstances which, in the judgment of said Trustees, appear to be of equal urgency:

"(1) Where it is necessary to support or maintain the beneficiaries and/or members of their families according to the scale to which they have been theretofore accustomed.

"(2) Where it is necessary to preserve and/or protect the health of the beneficiaries and/or members of their families. * * *"

The District Court construed this provision to authorize payments "only to or for the benefit of a beneficiary under the said trust provisions." And since it found that no beneficiary "has at any time requested the Trustees to make any payments to any of them to be used by

any of them for the maintenance or for the benefit of [appellant]," it dismissed her complaint with prejudice.

On this appeal appellant's primary contention is that the District Court erred in construing Article Fourteenth as not authorizing payments to her "under *any* circumstances." We do not so read the determination below. Instead, we understand it to mean that payments would not be authorized unless requested by a beneficiary for the benefit of the beneficiary or a member of the beneficiary's family. We think this construction is right.

Appellant also complains that the court did not determine whether she was a member of the family of a beneficiary within the meaning of the trust provisions. Since no beneficiary requested payment for appellant, it was unnecessary for the court to make such a determination.

Affirmed.